UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel ABRAHAM GALE,<br><br>              Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY and SAN DIEGO SERVICES,<br><br>              Defendant. | CASE NO. 05cv2264-MMA(LSP)<br><br>**AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Doc. Nos. 52 & 53] |

This matter is before the Court on two motions to dismiss qui tam Plaintiff Abraham Gale's second amended complaint. Gale opposes the motions. For the following reasons, the Court **GRANTS** Defendants' motions and **DISMISSES** Gale's second amended complaint with prejudice and without leave to amend. This order **AMENDS** the Court's October 7, 2009 Order [Doc. No. 64] to reflect that the dismissal of this action is *without prejudice* as to the United States

### BACKGROUND

This qui tam Federal False Claims Act suit was initiated by Abraham Gale against his former employer, Defendant San Diego Services, and Defendant Raytheon Company.[1] Gale alleges in his

---

[1] Because this matter comes before the Court on Defendant's motions to dismiss, the following facts are taken from Gale's First Amended Complaint ("FAC") [Doc. No. 29]. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint."). The Court makes no factual determinations at this time.

- 1 -                                                                                       05cv2264

second amended complaint that the Integrated Defense Systems division of Raytheon fraudulently obtained federal funds to build and test electronic systems controlling a fleet of naval battleships.[2] According to Gale, Raytheon secretly used low-paid, unqualified employees hired and supervised by San Diego Services ("SDS") to build and test the electronic systems. Gale alleges that these employees lacked the necessary experience and security clearances to do the work, and therefore it was not performed properly. Gale claims that Raytheon charged the federal government at a higher rate for SDS's work than was paid to SDS employees. Gale alleges that Raytheon contracted with SDS to provide the unskilled labor so that Raytheon would not have to pay higher wages, and then the two companies conspired to conceal the business arrangement from the federal government. Gale claims that by hiring an unqualified building maintenance and janitorial services company, and then charging the federal government at inflated rates for the services, Defendants are together guilty of misappropriating taxpayer funds and needlessly and recklessly endangering navy personnel.

In 2005, Gale worked for SDS at the Raytheon facility in San Diego, California. He was one of the SDS employees who worked on the electronic systems testing. Gale asserts that he was qualified to do the job for which he was hired, as an "engineering associate." However, Gale did not have a security clearance at the time of his employment. Gale was hired by SDS in May 2005 and terminated from employment in July 2005 after suffering a work related injury. Gale alleges to have witnessed the following fraudulent activity during this brief period of time: Raytheon made SDS employees wear Raytheon badges to conceal their true employer; Raytheon supervisors made SDS employees report their hours as Raytheon employees rather than as SDS employees; Raytheon used SDS's unskilled employees, resulting in improperly built and malfunctioning electronic systems; and, Raytheon billed the federal government for SDS's employees' work as if they were qualified Raytheon personnel and charged higher wage rates than were actually paid. As to this last assertion, Gale claims that the information relating to Raytheon's exact billing mechanisms is within the

---

[2] If matters outside the pleadings are presented to the Court, they may not be considered unless the Court treats the motion as one for summary judgment under Rule 56, which the Court declines to do in this case.

exclusive possession and control of Raytheon.[3]

Based on the above allegations, Gale alleges three causes of action against Defendants in his second amended complaint: (1) violation of section 3729(a)(1) of the False Claims Act; (2) violation of section 3729(a)(2) of the False Claims Act; and (3) violation of section 3729(a)(3) of the False Claims Act. Defendants argue that the second amended complaint does not cure the deficiencies this Court found with Gale's previous complaint. Defendants assert that the second amended complaint fails to allege fraud with the specificity required pursuant to Rule 9(b) and the False Claims Act.

## DISCUSSION

### *1.     Legal Standard*

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.544. The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*,--U.S.-- , 129 S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[3] Based on this allegation, Plaintiff argues that the Court should apply a relaxed Rule 9(b) standard because evidence of fraud is within Defendants' exclusive possession. The Court rejected this argument previously, and once again rejects it. The Court shall not apply a relaxed standard here. Plaintiff once again fails to assert sufficient facts to support such an application.

defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

### 2. *Rule 9(b)*

Federal Rule of Civil Procedure 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity. *See* Fed. R. Civ. P. 9(b). Complaints brought under the False Claims Act must fulfill the requirements of Rule 9(b). *United States ex rel. Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). While "Rule 9(b) may not require [a qui tam plaintiff] to allege, in detail, all facts supporting each and every instance" of a 'defendant's false claim(s), the complaint must, at a minimum, be specific enough to give [a] defendant[] notice of the particular misconduct which is alleged to constitute the fraud charged so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001) (citations omitted). "Such a requirement is wholly consistent with the purpose of the FCA." *Bly-Magee*, 236 F.3d at 1019 (citing *Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir.1992)).

In qui tam actions, it is insiders who are privy to fraud and therefore it is this group that the statute encourages to bring FCA lawsuits, because "they should have adequate knowledge of the wrongdoing at issue." *Id.* (citation omitted). The Rule 9(b) obligation of stating the "who, what, when and where" of the alleged fraud should therefore present less of a barrier in qui tam actions than might exist in other kinds of fraud cases. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *United States v. Sequel Contractors, Inc., et al.*, 402 F.Supp. 2d 1142, 1152 (C.D. Cal. 2005) ("In the Ninth Circuit, Rule 9(b) requires allegations of fraud to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation'") (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### 3. *Analysis*

The Court once again finds that Gale fails to plead with particularity the circumstances constituting Defendants' alleged fraud. *See United States ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001). The few additional allegations in the second amended

1 complaint do not assist in demonstrating with any plausibility that Defendants made false or
2 fraudulent "claims for payment or approval" to the federal government and made or used "false
3 records or statements" in order to get the fraudulent claim paid by the federal government. 31
4 U.S.C. §§ 3729(a)(1) & (2).

5     As the Court noted in its previous order, conclusory statements do not suffice as factual
6 allegations "if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready*
7 *Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Gale's allegations regarding Defendants'
8 allegedly fraudulent claims for payment remain vague and conclusory. Gale once again does not
9 allege any specific facts that support the inference that Raytheon's bills to the government were
10 fraudulent and were made with knowledge of falsity. Even accepting the allegations in the second
11 amended complaint as true, they are insufficient to state the existence of a false or fraudulent claim.
12 After a third attempt, Gale has not pled the element of fraud with the particularity required by Rule
13 9(b), including who at Raytheon and SDS made the purported false claims, when and over what
14 period of time such claims were made, and why the claims are fraudulent.

15     *4.    Leave to Amend*

16     Leave to amend a pleading is generally freely granted, and is within the discretion of this
17 Court. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd.*
18 *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). Moreover, leave to amend should
19 be granted unless the district court "determines that the pleading could not possibly be cured by the
20 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000)). However, the
21 liberality in granting leave to amend is subject to the qualification that amendment will not prejudice
22 the opposing party, will not create undue delay, is not sought in bad faith, and does not constitute
23 an-exercise in futility. *DCD Programs*, 833 F.2d at 186 (citations omitted); *Forsyth v, Humana,*
24 *Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (citations omitted).

25     Gale must show in a well-pleaded complaint facts particular enough to meet the requirements
26 of Rule 9(b). Without specific facts, Gale's second amended complaint amounts to nothing more
27 than unsubstantiated suspicions and allegations. A careful examination of Gale's second amended
28 complaint reveals few alterations, most of which are exclusively cosmetic in nature, and which

ultimately fall short of presenting a pleading capable of surviving Defendants' current motions to dismiss.  After three attempts at pleading this case, Gale fails to indicate sufficiently the actual false representations, the makers of the false statements, whether the federal government was overcharged (as opposed to mere speculation of such), and what the correct charge for SDS's services should have been under the circumstances.  The Court determines at this juncture that granting Gale leave to amend his False Claims Act causes of action would be futile.  He has demonstrated to the Court that he cannot allege additional facts to satisfy the level of particularity required under Rule 9(b).  Counts I, II, and III of Gale's second amended complaint are therefore dismissed with prejudice and without leave to amend.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motions and **DISMISSES** with prejudice and without leave to amend Gale's second amended complaint.  The dismissal of the Second Amended Complaint is *without prejudice* as to the United States.  *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 967 (9th Cir. 1999), cert. denied 530 U.S. 1203 (2000).  The Clerk of Court is instructed to enter an amended final judgment in this case accordingly, reflecting that dismissal is without prejudice to the United States.

**IT IS SO ORDERED**.

DATED: October 19, 2009

Hon. Michael M. Anello
United States District Judge